

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2009

# Ng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ng v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1122.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1122

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2411

ALBERT MULYAWAN NG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A78-498-624
(U.S. Immigration Judge: Honorable Rosalind K. Malloy)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2009

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: June 26, 2009 )

OPINION OF THE COURT

PER CURIAM.

Petitioner Albert Mulyawan Ng seeks review of a final decision by the Board of

Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") to

deny Ng's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

## I. Background

Ng is an Indonesian, ethnically Chinese Buddhist. He spent most of his life in Pontianak, Indonesia, but lived in Jakarta for several months prior to leaving for the United States. He arrived in this country on December 2, 2000, on a non-immigrant visitor visa, and remained after the visa expired. His wife and three children continue to reside in Jakarta.

In March 2002, Ng filed an application for asylum, withholding of removal, and protection under the CAT. Ng did not apply for asylum within one year of his arrival in the United States as generally required by INA § 208(a)(2)(B) [8 U.S.C. § 1158(a)(2)(B)]. However, the Immigration Judge ("IJ") concluded that several changes in the assignment of judges handling Ng's case constituted sufficiently extraordinary circumstances to excuse the delay. INA § 208(a)(2)(D) [8 U.S.C. § 1158(a)(2)(D)]. The IJ therefore ruled on the merits of Ng's application in its entirety. On September 25, 2006, the IJ denied Ng's application and ordered his removal.

Ng appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's order without opinion. This petition for review followed.

## II. Analysis

Because the BIA affirmed the IJ's decision without issuing an opinion, "we review the IJ's opinion and scrutinize its reasoning." Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir.2003). We will review legal conclusions de novo, see Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003), and we will uphold factual determinations if they are supported "by reasonable, substantial and probative evidence on the record considered as a whole." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

Ng's sole argument on appeal is that, despite the IJ's conclusion to the contrary, his subjective and objective evidence was sufficient to meet his burden of proof for his claim of persecution on account of his Chinese ethnicity.

We first note that Ng states in his brief that he does not claim to have experienced past persecution. This is consistent with his position before the IJ, where he stated that "[m]y claim for asylum is based solely on my fear of future persecution. . . . I really do not have any prior experiences of harm." A.R. 338. However, Ng later argues in his brief that he "met his burden of proof and persuasion that he suffered past persecution. . . ." Thus, it is unclear whether or not Ng is pressing a claim of past persecution. In any event, we have reviewed the record and conclude that substantial evidence supports the IJ's decision that Ng's evidence was insufficient to show past persecution.

Ng's testimony focused on an ongoing violent tribal conflict between two groups – the Dyaks and the Madurese – in Pontianak, Indonesia, where Ng was raised. However,

3

Ng stated that "the ethnic Chinese did not get involved in this conflict between these two ethnic groups. . . ." Ng did not testify that he personally suffered persecution (or indeed, any harm whatsoever) on account of his Chinese ethnicity as a result of the tribal conflict. Ng testified to a single 1997 incident involving his brother-in-law, who experienced harassment and an extortion threat from Madurese individuals who blamed the brother-in-law for the arrest of their family member. Indonesian officials intervened and put an end to the harassment.

The IJ held that this lone incident did not rise to the level of persecution. We agree. Persecution refers to "'extreme conduct'" such as "'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" Lie v. Ashcroft, 396 F.3d 530, 534, 536 (3d Cir. 2005) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). Persecution does not include "isolated incidents that do not result in serious injury." Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005).

In Lie v. Ashcroft, we held that an Indonesian asylum applicant of Chinese origin failed to submit sufficient evidence to support her claim of past persecution, because she did not establish that two robberies of which she was the victim were "on account of" her ethnicity, or were sufficiently serious to amount to persecution. See Lie, 396 F.3d at 535-36. Although Ng argues that Lie is distinguishable and that his case "rises and falls on its own merits," Ng fails to explain how or why his evidence of past persecution is more persuasive than that of the applicant in Lie. Indeed, Ng, like the applicant in Lie,

4

did not demonstrate that he faces persecution "on account of" his ethnicity, nor did he describe any incident rising to the level of persecution. Thus, the IJ correctly held that Ng did not meet his burden of proving that he suffered past persecution.

In order to establish a well-founded fear of future persecution, Ng was required to show <u>both</u> a subjective fear of persecution through credible testimony and an objective basis for that fear. <u>Lie</u>, 396 F.3d at 536. Substantial evidence supports the IJ's conclusion that Ng failed to satisfy the subjective aspect of the analysis.

Although Ng claimed to fear future violence as a result of the Dyak/Madurese tribal conflict, he did not testify that his fear is based upon violence specifically targeted at ethnic Chinese individuals. Rather, Ng testified to a fear of incidental harm, acknowledging that ethnic Chinese individuals are not directly involved in the conflict. <u>See</u> A.R. 339 ("I did not experience any direct harm during any fighting between the Dyaks and the Madurese. However, as one who is ethnic Chinese I do fear that I could, in the future, be victimized as I would find myself in the middle of that conflict."). In addition, Ng testified that to his knowledge, the tribal conflict did not extend to Jakarta, where his wife and children have been residing since 1995, <u>see</u> A.R. 338, and where Ng lived prior to fleeing Indonesia.

5

Ng testified that he left Jakarta due to economic problems and the fact that he did not own a home, not because of a fear of persecution.[1]  Indeed, Ng's wife and children continue to reside there without suffering persecution, which diminishes the reasonableness of Ng's claim.  See Lie, 397 F.3d at 537.

Ng responds that he should prevail because he provided sufficient objective evidence of a "pattern or practice" of persecution of ethnic Chinese individuals in Indonesia, including a 2005 Country Report on Human Rights Practices, a 2005 International Religious Freedom Report, a 2002 Amnesty International Report, and other articles.  However, because Ng failed to satisfy the subjective prong of the well-founded fear test, see Lie, 396 F.3d at 536-37, his objective "pattern or practice" evidence is not sufficient to sustain Ng's burden.[2]

In sum, substantial evidence supports the IJ's conclusion that Ng failed to meet his burden of proof to demonstrate past persecution or a well-founded fear of future persecution on account of his Chinese ethnicity for purposes of asylum.  In addition,

---

[1] We have recognized that deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution.  See Li v. Att'y Gen., 400 F.3d 157, 167-68 (3d Cir. 2005).  However, Ng did not testify to any severe economic hardship, or to any economic challenge not generally faced by others in Indonesia.  See id. at 168.

[2] In addition, contrary to Ng's arguments, it is not clear that the objective evidence would compel a finding that there is a "pattern or practice" of persecution of ethnic Chinese individuals in Indonesia.  For instance, the 2005 Country Report provides:  "The government officially promotes racial and ethnic tolerance. . . .  Instances of discrimination and harassment of ethnic Chinese declined compared with previous years. Recent reforms increased religious and cultural freedoms."  A.R. 63.

6

because Ng did not meet his burden of proof for asylum, the IJ correctly determined that Ng necessarily failed to meet the higher burden required for withholding of removal. <u>See</u>, <u>e.g.</u>, <u>Gomez-Zuluaga v. Att'y Gen.</u>, 527 F.3d 330, 348-49 (3d Cir. 2008). Finally, although Ng's brief makes passing reference to the CAT, he raised no argument that he would face any likelihood of torture in Indonesia, <u>see</u>, <u>e.g.</u>, 8 C.F.R. § 208.16(c)(2), or that the IJ erred in any respect in denying his CAT claim. We therefore must conclude that Ng abandoned the claim for CAT protection. <u>See</u>, <u>e.g.</u>, <u>Chen v. Ashcroft</u>, 376 F.3d 215, 221 (3d Cir. 2004).

## III. <u>Conclusion</u>

For the foregoing reasons, we will affirm the BIA's decision and deny the petition for review.